**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Andrew Stephen Drazdik, Jr.,

        Plaintiff,

                                       Case Number: 1:21-cv-00182

vs.

                                       Judge Michael R. Barrett

Kao Corporation HQ, et al.,

        Defendants.

## <u>ORDER</u>

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 7).

The Court gave Plaintiff proper notice under Federal Rule of Civil Procedure 72(b), including notice that he would waive further appeal if he failed to file objections to the R&R within a 14-day period from the date of the issuance of the R&R. (*Id.* PageID 84); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Within the 14-day period, Plaintiff filed a document captioned, "Memorandum of Law." (Doc. 8).

## I.  STANDARD OF REVIEW

When the Court receives timely objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

Plaintiff, proceeding pro se, filed this action on March 17, 2021, and appears to allege antitrust violations against "Kao Corporation HQ," "Kao Corporation Ltd.," and "Jergens Company." (Doc. 1). Plaintiff paid the filing fee in this matter (Doc. 4) and, thus, is responsible for service of process as to each defendant. This means that Plaintiff must *either* serve each Defendant with a summons and a copy of the complaint *or* notify each Defendant that an action has been commenced and request that the defendant waive service of a summons. *Compare* Fed. R. Civ. P. 4(c) ("Service"), *with* (Fed. R. Civ. P. 4(d) ("Waiving Service"). With respect to the former option, "[a] summons **must** be served with a copy of the complaint." FED. R. CIV. P. 4(c)(1) (emphasis added). Among other things, a summons tells the defendant the name of the court and the parties, the time within which the defendant must appear and defend, and notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint. FED. R. CIV. P. 4(a)(1). It is a plaintiff's obligation to present a properly completed summons to the Clerk for signature and seal. FED. R. CIV. P. 4(b). If there are multiple defendants, a summons must be issued for each defendant to be served. (*Id.*) With respect to the latter option, Plaintiff must then file each Defendants' signed waiver with the Court. FED. R. CIV. P. 4(d)(4).

On March 25, 2021, Plaintiff filed a document captioned, "Legal Memo Service of Process." (Doc. 5). In it, he acknowledges this Court previously dismissed a related case for failure of service on February 2, 2021. (*Id.*); *see Drazdik v. Kao Corporation et al.*, No. 1:20-cv-00509 (S.D. Ohio Feb. 2, 2021). Plaintiff also references a "waiver for service of summons," but did not file any Defendants' signed waiver with the Court.

On October 25, 2021, observing that no Defendant had been served within the 90-day time period specified by Federal Rule of Civil Procedure 4(m),[1] and Plaintiff had not filed any signed waivers, the Magistrate Judge ordered Plaintiff to show cause why the Complaint should not be dismissed without prejudice for failure of service. (Doc. 6). Plaintiff did not respond.

On March 1, 2022, the Magistrate Judge issued the R&R currently before the Court and recommends that this case be dismissed without prejudice in light of Plaintiff's failure to show good cause as to why service has not been perfected. (Doc. 7).

As noted, within the 14-day period for objections, Plaintiff filed a document captioned, "Memorandum of Law." (Doc. 8). As best the Court can understand, in this filing, Plaintiff appears to explain that he emailed "the Securities named register on file with the Securities Exchange Commission, Ziegler, Ziegler & Associates LLP, and Kao Corporation compliance office electronically" "for an extension of time." (*Id.*). Plaintiff attaches a copy of a March 6, 2022, email that he sent to the Magistrate Judge's chambers and two other email address. (*Id.*) However, Plaintiff does not explain if, and then how, the two other email addresses are related to the Defendants named in his Complaint. And it is not clear for what specifically Plaintiff asks these email recipients for an extension. *See* (*id.*) A review of the "Memorandum of Law" and attachment does not assist the Court in determining whether Plaintiff perfected service of process or obtained signed waivers that he could file with the Court. *See* (*id.*) Plaintiff's "Memorandum of Law"

---

[1] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ." FED. R. CIV. P. 4(m).

does not discharge him of his obligation under the Magistrate Judge's October 25, 2021, Order to Show Cause.

A review of the docket in this matter confirms that Plaintiff failed to present a properly completed summons to the Clerk as to each defendant for signature and seal. It is possible that he mailed a copy of the Complaint to certain Defendants. *See* (Doc. 5 PageID 76-77). But serving the Complaint alone is insufficient to perfect service. Plaintiff has not filed any signed waivers with the Court. Plaintiff has not filed a motion for an extension of time to perfect service or file signed waivers of service with the Court. Plaintiff has not otherwise responded to the October 25, 2021, Order to Show Cause. Plaintiff does not attempt to explain his failure to perfect service or obtain waivers in the 14 months since he filed his Complaint, and there is no suggestion that proof of proper service or waiver is forthcoming. Plaintiff offers no explanation for his noncompliance with the federal rules or the October 25, 2021, Order to Show Cause. Under the federal rules, the Court remains obligated to dismiss the case. FED. R. CIV. P. 4(m).

In sum, and after a de novo review of the filings in this matter, the Court finds that the Magistrate Judge correctly determined that this case should be dismissed due to Plaintiff's failure of service under Rule 4(m), and to prosecute. *See* FED. R. CIV. P. 72(b)(3). Plaintiff does not persuade the Court otherwise, and the Court will adopt the R&R in its entirety.

### III.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's objections (Doc. 8) are **OVERRULED**, and the Court **ADOPTS** the R&R (Doc. 7) in its entirety. Accordingly, the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure of service. This matter shall be **CLOSED** and **TERMINATED** from this Court's active docket.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court